# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH V. STEWART, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1465-RGA |
| DAVID HENDERSON, et al., | : |
| Defendants. | : |

Kenneth V. Stewart, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 18, 2013
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Kenneth V. Stewart, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(b) and § 1915A(a).

On February 2, 2012, Plaintiff completed his Level V sentence and, on February 28, 2012, he reported to probation/parole in New Castle, Delaware and began serving a Level III supervised conditional release sentence until July 14, 2013. On January 3, 2013, Plaintiff was arrested by the Wilmington Police Department and charged with aggravated possession of heroin, possession of a firearm by a person prohibited, possession of a firearm during the commission of a felony, carrying a concealed deadly weapon, possession of ammunition by a person prohibited, possession of a stolen firearm, and conspiracy 2d degree. (D.I. 2, ex. B). As a result, Plaintiff was alleged to have violated his conditions of release.

On January 15, 2013, Plaintiff waived his preliminary hearing for violation of probation/parole. (*Id.*) On July 2, 2013, Plaintiff wrote to Defendant David Henderson, chairman of the Delaware Board of Parole. Plaintiff advised Henderson that his sentence would expire on July 14, 2013 and that there had been no violation hearing or a notice of conditional release discharge. Plaintiff submitted a grievance on July 15, 2013, regarding his sentence end date and the failure of Henderson to respond to his letter.

On July 22, 2013, Plaintiff called the Bureau of Prison regarding his sentence and, because he was incarcerated, asked the person he spoke with to communicate

with his daughter. That day, Plaintiff was taken to isolation. A disciplinary hearing was held on July 29, 2013, before Defendant Brian Burger. At that time, Plaintiff was informed that he had been sent to isolation because he had telephoned the Bureau of Prison. Burger telephoned the records department at Howard Young and was informed that Plaintiff had yet to appear before the Board of Parole for his violation. Plaintiff was advised by Burger that he should not telephone the Bureau of Prisons. Plaintiff was then returned Plaintiff to the general population.

As of August 15, 2013, Plaintiff had yet to receive a notice for his appearance. He seeks compensatory damages for his pain and suffering and lost wages.

As of today's date, Plaintiff is still incarcerated. Thus, it appears the injury for which he seeks redress is being in isolation from July 22 to 29, 2013.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than

3

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The allegations against Henderson do not rise to the level of a constitutional violation. At most, Plaintiff alleges that Henderson did not respond to his letter. However, the failure of prison officials to respond to letters is not a constitutional violation. *See, e.g., Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions); *Ransome v. Mooney*, 2010 WL 2490751, at *7 (M.D. Pa. Aug. 9, 2010) ("a mere 'allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations'").

With regard to Warden Phil Morgan, the Complaint contains no allegations that give rise to his personal involvement with regard to Plaintiff's claims. It appears that Plaintiff named Morgan as a defendant based upon his position as the warden at Howard Young. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and internal quotation marks omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for

4

deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d at 1207).

Finally, it appears that Plaintiff attempts to raise a due process claim against Burger based upon his involvement during the disciplinary hearing. Therein, Burger advised Plaintiff why he had been placed in isolation, telephoned the records department on Plaintiff's behalf, and returned Plaintiff to general population. Burger's actions did not violate Plaintiff's constitutional rights. Indeed, based on the facts alleged, it is a mystery why Plaintiff has sued Captain Burger, whose only role seems to have been to listen to Plaintiff and promptly remove him from isolation.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d at 532 (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). With regard to the limited duration of time plaintiff spent in isolation, he fails to state a constitutional claim on the facts alleged. *See Henderson v. Kerns-Barr*, 313 F. App'x 451 (3d Cir. 2008); *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (a inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under *Sandin*.).

5

To the extent Plaintiff alleges that he did not receive the procedural due process he was due, again he cannot prevail. If "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law,' "then the prisoner does not have a "protected liberty interest" and the "state owed him no process before placing him in disciplinary confinement." *Mitchell v. Horn*, 318 F.3d at 531; *see also Henderson v. Kerns-Barr*, 313 F. App'x at 452 (assuming that plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). Plaintiff has no constitutional right to avoid a short confinement in isolation or housing in SHU and, therefore, he has no right to process surrounding it.

The Complaint fails to raise claims against the three defendants for violations of the constitution. Indeed, it does not come close to doing so. For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds that amendment is futile.

An appropriate order will be entered.

6